IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAN LEE MOOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-16-750-C |
| | ) | |
| CRAFT OUTLET, INC., d/b/a Olde | ) | |
| Memories Collection Corp., | ) | |
| WAYFAIR, LLC, | ) | |
| WAL-MART.COM USA, LLC, | ) | |
| STAPLES INC., and | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Defendants have filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). According to Defendants, Plaintiff has failed to adequately plead her claims for willful copyright infringement, vicarious copyright infringement, and contributory copyright infringement. Plaintiff asserts her claims are adequately pleaded and that Defendants' Motion should be denied.

Defendants' request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl.Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient;

the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007).

1. Willful Infringement

"In the context of a copyright infringement, willfully is defined as 'with knowledge that defendant's conduct constitutes copyright infringement.'" Rocking Chair Enters., LLC v. Macerich SCG Ltd. P'ship, 407 F.Supp.2d 1263, 1267 (W.D. Okla. 2005) (quoting 4 Nimmer, Nimmer on Copyright § 14.04(B)(3)). "To establish willfulness, [one] must show that [the alleged infringer] knew that its conduct constituted infringement or that it acted in reckless disregard of [ones's] rights." In re Indep. Serv. Orgs. Antitrust Litig., 85 F.Supp.2d 1130, 1176 (D. Kan. 2000). According to Defendants, Plaintiff has plead only conclusory allegations in an attempt to satisfy these standards. In response, Plaintiff argues that she submitted a cease and desist letter to Defendants and despite receipt of that notice of the existence of a violation of the Copyright Act, Defendants continued to sell infringing products. Defendants argue these allegations are not set forth in Plaintiff's Complaint, but rather only exist in her Response to the Motion to Dismiss. While Plaintiff's Complaint could have been more clearly worded, it does allege that Defendants were put on notice and continued their infringing actions. At this stage of the proceeding, that is sufficient to plead a claim for willful copyright infringement. Therefore, Defendants' Motion to Dismiss this claim will be denied.

2. Vicarious Infringement

Defendants next challenge Plaintiff's claim of vicarious infringement. A claim of vicarious copyright infringement exists when a defendant profits from direct infringement "while declining to exercise a right to stop or limit it." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005). In order to prove a claim of vicarious infringement, Plaintiff must prove (1) a direct infringement, (2) that the vicarious infringer had the ability to control or supervise the alleged direct infringement, (3) that the vicarious infringer failed to exercise that ability, and (4) had a direct financial interest in the infringing activity. Viesti Assoc., Inc. v. Pearson Educ., Inc., No. 12-CV-02240-PAB-DW, 2013 WL 4052024, at *7 (D. Colo. Aug. 12, 2013). Defendants argue that Plaintiff has failed to plead facts in support of the last three of these elements. In response, Plaintiff raises arguments only of the actions of Craft Outlet; no other Defendant is mentioned. Even as to Defendant Craft Outlet, Plaintiff's Complaint is lacking in any factual or plausible allegation to suggest vicarious infringement by any Defendant. Therefore, Defendants' Motion to Dismiss Plaintiff's claims of vicarious copyright infringement will be granted.

3. Contributory Infringement

Finally Defendants challenge Plaintiff's claims for contributory infringement. "One infringes contributorily by intentionally inducing or encouraging direct infringement." Grokster, 545 U.S. at 930 (citing Gershwin Pub. Corp. v. Columbia Artists Mgmt, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)). In her Response, Plaintiff again offers evidence only against Defendant Craft Outlet. Again, Plaintiff's Complaint fails to plead any plausible

allegation of contributory infringement against any Defendant. Therefore, Defendants' request for dismissal of Plaintiff's contributory infringement claim will be granted.

## CONCLUSION

For the reasons set forth herein, Defendants' Partial Motion to Dismiss (Dkt. No. 26) is GRANTED in part and DENIED in part. Plaintiff's claims for vicarious copyright infringement and contributory copyright infringement are dismissed without prejudice. To the extent Plaintiff wishes to pursue these claims, an Amended Complaint must be filed within fifteen days of the date of this Order. In all other respects, Defendants' Motion is denied.

IT IS SO ORDERED this 19th day of January, 2017.

_____
ROBIN J. CAUTHRON
United States District Judge